UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ADAM ELNOUR G. EISA,<br><br>                    Plaintiff,<br><br>vs.<br><br>TZADIK PROPERTIES, LLC, and GLENN J.<br>BOOMSMA,<br><br>                    Defendants. | 4:25-CV-04246-ECS<br><br><br>ORDER DISMISSING CASE FOR LACK<br>OF SUBJECT-MATTER JURISDICTION |

Plaintiff Adam Elnour G. Eisa commenced this pro se action. Doc. 1. The action arises out of an eviction action brought by Eisa's landlord, Tzadik Properties, LLC. See id. Eisa also names Glenn J. Boomsma, Tzadik Properties, LLC's attorney of record, as a defendant. Id. at 2. Eisa moves for leave to proceed in forma pauperis, Doc. 3, and for appointment of counsel, Doc. 2. Eisa also seeks an order directing defendants to "cease and desist" from evicting him. Docs. 6, 7.

I.    **Facts Alleged in the Complaint**

Eisa and both defendants reside in Minnehaha County, South Dakota. Doc. 1 at 1. On December 10, 2025, Eisa returned to his apartment following dialysis treatment. Id. at 3. When Eisa arrived, he saw posted on his front door a "Notice" from the Minnehaha County Sheriff's Department. Id. The Notice stated that the "Minnehaha County Sheriff's Office has been ordered by the courts to evict you from the above address. The Sheriff's Office will be back with management or the property owner on Tuesday December 16th at approximately 08:00 AM[.]" Id. Eisa went to the Minnehaha County Clerk of Court to inquire about the eviction

order, but the Clerk's office was not able to locate the eviction proceeding without a case number. Id. Eisa then went to the Minnehaha County Sheriff's Office to inquire about the eviction order. Id. After a search, an officer provided Eisa with a case number. Id.

Eisa then returned to the Minnehaha County Clerk of Court "with the 'hidden' Case Number from the Sheriff's Office[.]" Id. According to the complaint, the eviction order was not properly served. Id. Eisa alleges that Tzadik Properties is retaliating against him for claims he made alleging that his belongings had been stolen from his locked garage on two occasions. Id. at 3–4. Eisa contends that his rent is paid to Tzadik directly from his bank account due to a language barrier. Id. at 3. He alleges that defendants are "lying to deceive the Court[.]" Id. He contends that Boomsma is "willfully and knowingly depriving [him] 'equal due Process of Law" AND no 'Proper Service[.]'" Id.

Eisa requests that the Court investigate the case, hold defendants "fully accountable, for their malicious and willful actions or inactions to a fellow human being–abusing their powers, money and influence[,]" and fine defendants for intentionally denying Eisa's procedural due process rights. Id. at 3. Eisa seeks damages of $3,930.00 for the items missing or stolen from his garage, $3,000,000 for civil rights and due process violations, closure of Tzadik Properties, and disciplinary action against Boomsma. Id. at 4.

## II.    Subject-Matter Jurisdiction

Because federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), this Court must consider whether Eisa's complaint involves a case or controversy within its jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

2

### A.    Diversity Jurisdiction

District courts have jurisdiction to hear "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). "If any plaintiff is a citizen of the same state as any defendant, there is not 'complete diversity' and federal courts lack jurisdiction." Great River Ent., LLC v. Zurich Am. Ins. Co., 81 F.4th 1261, 1262 (8th Cir. 2023). Eisa, the party seeking a federal forum, bears the burden of demonstrating that the parties are citizens of different states. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992). According to Eisa's complaint, all the parties reside in Minnehaha County, South Dakota. Doc. 1 at 1. Thus, Eisa has not met his burden of demonstrating complete diversity of citizenship.

### B.    Federal Question

Because diversity jurisdiction under § 1332(a) is inapplicable, this Court must determine whether federal question jurisdiction exists. District courts have jurisdiction to hear "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Merely identifying a federal issue is not enough to confer federal jurisdiction; the right being enforced must arise from federal law. Cagle v. NHC Healthcare-Maryland Heights, LLC, 78 F.4th 1061, 1066 (8th Cir. 2023). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Liberally construing the allegations in Eisa's complaint, he alleges that defendants have violated his constitutional rights.

3

Doc. 1 at 1, 3, 4.  An action seeking recovery under 42 U.S.C. § 1983 can be sufficient to invoke federal question jurisdiction provided that the complaint states a viable claim for relief under 42 U.S.C. § 1983.

Section 1983 is limited to actions taken "under color of" state law.  Campbell v. Reisch, 986 F.3d 822, 824 (8th Cir. 2021) ("[Section] 1983 excludes from its reach merely private conduct, in that, for a § 1983 claim to succeed, a defendant must have acted under color of state law." (cleaned up and citation omitted)); see also Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 619 (1991) (reiterating that in general constitutional guarantees apply only to action by the government and do not apply to the actions of private entities).  Here, Eisa sues only private actors.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the Constitution or laws of the United States.  West v Atkins, 487 U.S. 42, 48 (1988).  Eisa does not allege any facts which would support a finding that either of the defendants were acting under color of state law when they initiated eviction proceedings.  "[A] private party's mere invocation of state legal procedures does not constitute state action."  Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001).  Eisa also alleges that Tzadik Properties retaliated against him for claiming that property was missing or had been stolen from his garage.  Doc. 1 at 1, 3, 4.  There is no federal statute or constitutional provision that permits a tenant to sue a landlord for retaliation for alleging that personal property is missing from premises to which the landlord has access.  Similarly, there is no federal statute or constitutional provision that permits a tenant to recover damages from a landlord for loss of personal property from premises to which the landlord has access.  Thus, Eisa fails to state a § 1983 claim against defendants upon which relief can be granted.

4

### C.    Eisa's Request for a Cease and Desist Order (Docs. 6, 7)

The Court construes Eisa's request for a cease and desist order as motion for a temporary restraining order prohibiting defendants from proceeding with the state court eviction proceeding and executing the eviction order referenced in the complaint. See Doc. 7 (requesting an order directing "Defendant(s) to 'Cease and Desist' from the Eviction of the tenant by the name of – Adam Elnour G. Eisa (Plaintiff) . . . until a Hearing is held[.]"). Because it appears that the state court eviction proceeding is ongoing, the Younger abstention doctrine precludes this Court from interfering with the state eviction proceedings. As the Eighth Circuit Court of Appeals has explained,

> In Younger v. Harris, 401 U.S. 37, 43–44 (1971), the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances. Under Younger, abstention is warranted if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges.

Harmon v. City of Kansas City, 197 F.3d 321, 325 (8th Cir. 1999). State eviction proceedings implicate important state interests, and there is no reason that Eisa's improper service argument or any other argument challenging the eviction cannot be raised in state court. See Newell v. Rolling Hills Apartments, 134 F. Supp. 2d 1026, 1036–37 (N.D. Iowa 2001); see also Matava v. CTPPS, LLC, No. 3:22-CV-242, 2022 WL 462396, at *4–5 (D. Conn. Feb. 12, 2022) (holding that the Younger abstention doctrine as well as the Anti-Injunction Act prohibit a federal court from enjoining ongoing state eviction proceedings); Jackson v. Mills Props., Inc., No. 4:25-CV-1719-ZMB, 2025 WL 3296283, at *3–4 (E.D. Mo. Nov. 26, 2025) (dismissing complaint challenging eviction proceedings under "multiple abstention doctrines").

Even if the Court's understanding that the state court eviction proceeding is ongoing is not correct, this Court does not have jurisdiction to rule on the validity of a state court eviction order or any other state court order. See Davis v. Negaard, No. 1:23-CV-00195, 2025 WL 238849, at *4–5 (D.N.D. Jan. 17, 2025) (holding that a federal district court lacks subject matter jurisdiction to hear issues pertaining to eviction proceedings); see also Jacobs v. Gear Properties, 2 F. App'x 617, 617 (8th Cir. 2001) (per curiam) (affirming dismissal of civil rights action claiming discriminatory and retaliatory eviction for lack of subject-matter jurisdiction under the Rooker-Feldman doctrine).

## III.    Conclusion

Accordingly, for these reasons, it is

ORDERED that that plaintiff's complaint, Doc. 1, is dismissed without prejudice for lack of subject matter jurisdiction.  It is further

ORDERED that plaintiff's motion to appoint counsel, Doc. 2; plaintiff's motion for leave to proceed in forma pauperis, Doc. 3; and motions for a temporary restraining order, Docs. 6 and 7, are denied as moot.

DATED this 19 day of December, 2025.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

6