UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ADAM ELNOUR G. EISA,<br><br>Plaintiff,<br><br>vs.<br><br>TZADIK PROPERTIES, LLC; GLENN J. BOOMSMA,<br><br>Defendants. | 4:25-CV-04246-ECS<br><br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR LEAVE TO AMEND |

Plaintiff Adam Elnour G. Eisa commenced a pro se civil action against his landlord and his landlord's attorney in relation to a state-court eviction proceeding. Doc. 1. This Court dismissed Eisa's Complaint without prejudice for lack of subject matter jurisdiction and entered a judgment of dismissal. Docs. 8, 9. Eisa now filed what he identifies as "Plaintiff's 'Objections' to the Judgment of Dismissal for Lack of Subject-Matter Jurisdiction—is in err— Denying Plaintiff's 'Constitutional Due Process Rights' by the Defendant," and he attached a proposed amended complaint. Docs. 11, 11-1, 11-2.

This Court recognized in Infante v. Wagner Holding Trust that filing an amended complaint is in theory impossible after a case is finally terminated, unless a party is entitled to relief from a final judgment under Federal Rule of Civil Procedure 60(b). No. 3:25-CV-03019-ECS, 2025 WL 2813808, at *1 (D.S.D. Oct. 3, 2025) (citing Waetzig v. Halliburton Energy Servs., 604 U.S. 305, 307–08, 313, 317 (2025); BLOM Bank SAL v. Honickman, 605 U.S. 204, 206 (2025)). Rule 60(b) permits a court to reopen a case at a party's motion based on "mistake

or excusable neglect, newly discovered evidence, fraud, . . . the void or prospectively inequitable status of a judgment," or any other reason that justifies relief. BLOM Bank SAL, 605 U.S. at 210 (citing Fed. R. Civ. P. 60(b)).

Because judgment dismissing Eisa's Complaint was entered, Doc. 9, this Court considers his motion to amend as a motion to reopen his case under Rule 60(b). Eisa claims that this Court erred in dismissing his Complaint because his right to due process was denied by Defendant "as shown in the exhibits herewith." Doc. 11 at 1–2. The exhibits Eisa attached were not filed with his Original Complaint, see Doc. 11-2, but he does not claim that they were newly discovered or unable to be discovered before this Court's entry of judgment. Rule 60(b)(2) only permits relief from final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," Fed. R. Civ. P. 60(b)(2). Even liberally construing Eisa's motion, he has not identified any other grounds for relief under Rule 60(b). Thus, Eisa has not shown that he is entitled to relief from judgment under Rule 60(b).

Because Eisa is not entitled to this Court reopening his case, his request to file an amended complaint is denied. The United States Court of Appeals for the Eighth Circuit has instructed that it is inappropriate to grant a motion for leave to amend if "dismissal of the complaint also constitutes dismissal of the action." Geier v. Mo. Ethics Comm'n, 715 F.3d 674, 677 (8th Cir. 2013) (citation modified). Because a court must dismiss the action when it lacks subject matter jurisdiction or where Younger abstention is applicable, this Court did not "stay [Eisa's case] pending final resolution of the state-court proceedings." Id. at 678 (quoting Tony Alamo Christian Ministries v. Selig, 664 F.3d 1245, 1251 (8th Cir. 2012)); Fed. R. Civ. P. 12(h)(3). Rather—it dismissed Eisa's action based on lack of subject matter jurisdiction and

noted that Younger precluded intervention. Docs. 8, 9. Thus, granting leave to amend would be inappropriate. Because Eisa's Complaint was dismissed without prejudice, he is not prohibited from filing a new case—if he pays the filing fee or files a new motion for leave to proceed in forma pauperis. But it is not this Court's place under Younger abstention to intervene due to the potential remedies he can pursue in state court if he was not served, as he claims, in the underlying state court action. Further, even if Eisa could amend, he has not complied with this Court's local rules, which require "any party moving to amend or supplement a pleading [to] attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified." D.S.D. Civ. LR 15.1.

Accordingly, it is

ORDERED that Eisa's motion for reconsideration and to amend, Doc. 11, is denied.

DATED this 4th day of March, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

3